UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT MCDONALD, etc. et. al.,  :
                                :
        Plaintiffs,             :
                                :
v.                              :  CASE No. 8:01-CV-1306-T-27TGW
                                :
COOPER TIRE & RUBBER CO.,       :
a Delaware Corp.                :
                                :
        Defendant.              :

REPORT AND RECOMMENDATION

THIS CAUSE came on to be heard upon defendant Cooper Tire & Rubber Company's Re-Filed Motion for Sanctions against Plaintiffs' Counsel, Hugh Smith (Doc. 372) and the plaintiffs' opposition thereto (Docs. 362, 376). The defendant seeks sanctions against Smith under the court's inherent authority for providing to an attorney litigating an unrelated case against the defendant certain confidential portions of a deposition in violation of a protective order in this case. Because Smith's disclosure was a willful violation of the protective order and constitutes bad faith, I recommend that the court sanction Smith by ordering him to pay the defendant's attorneys' fees and expenses that are related

1

to the violation.

I.

The plaintiffs in this case alleged, among other things, that the defendant negligently designed and manufactured a vehicle tire that caused a rollover accident when the tread and belt of the tire separated (Doc. 2). There are other such allegations throughout the country and plaintiffs' counsel, Hugh N. Smith, expressed a strong interest in sharing the discovery he obtained in this lawsuit with other members of the plaintiff's bar who are prosecuting similar lawsuits. Indeed, Smith has undertaken on behalf of the Attorneys Information Exchange Group (AIEG) to accumulate information for similar accidents involving Cooper tires and proclaimed his firm a "clearing house" for the dissemination of that information to assist in the successful prosecution of those cases (Doc. 374, Ex. C). However, I unequivocally denied the plaintiffs' request to use the defendant's confidential discovery in this case in such a manner.

In order to keep the defendant's proprietary information confidential, a protective order was entered in this case which, among other things, precluded plaintiffs' counsel from sharing confidential discovery obtained from the defendant in this case with other parties litigating against the defendant or disclosing it to any organization that regularly maintains or disseminates this

information as a service to its members (Doc. 41). The protective order further provided that, if there was a dispute regarding the confidential designation of any records, "the dispute [shall] be submitted to the Court...[and][p]ending such determination the records shall be maintained as confidential material" (Doc. 41, ¶5).

Pursuant to this protective order, the defendant designated as confidential the deposition of Rita Feczer, the defendant's principal analytic chemist, because it allegedly discussed trade secrets. Nonetheless, Smith gave a transcript of this deposition to Thomas Dasse, a plaintiff's attorney who is prosecuting another tire case against the defendant in Arizona and who is also a member of the AIEG. Although the exact date of this disclosure is unclear, it occurred no later than November 12, 2003, because quotations from the deposition appeared in Arizona state court on that date (see Doc. 325, Exs. F-H).

The defendant seeks sanctions against Smith under the court's inherent authority for disclosing pages 35-36, 72, and 82-84 of the Feczer deposition, contending that this conduct violated the protective order (Doc. 372, pp. 7-8). Thus, the defendant argues that these pages were designated confidential and contained sensitive information about the defendant's tire compounds that was not previously available to the public and, therefore, should not have been shared with

Dasse.

Although Smith does not dispute giving Dasse Feczer's deposition transcript, he argues that his conduct is not sanctionable because the protective order was implicitly abrogated by District Judge Whittemore's rulings (Doc. 376, pp. 4-6). Alternatively, Smith argues that he did not violate the protective order because Feczer's deposition lost its confidentiality when the defendant disclosed it to other attorneys (Doc. 362, pp. 6-8).

A hearing was subsequently held on the motion (Doc. 385). Significantly, Smith did not appear at the hearing.[1]

## II.

The defendant seeks the imposition of sanctions against Smith based upon the court's inherent power to impose punishment for failure to comply with court orders. "Courts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal." Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1209 (11th Cir. 1985); see also Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). This includes the authority to impose reasonable and appropriate sanctions. Chambers v. NASCO, Inc.,

---

1. Plaintiffs' co-counsel Christopher Roberts appeared in his stead. Smith was purportedly unable to attend due to a scheduling conflict. As the parties are aware, I liberally grant continuances of hearings under such circumstances. However, Smith made no such request.

supra, 501 U.S. at 44-45. In particular, a court may use its inherent authority to assess attorney's fees against counsel as a sanction for the "willful disobedience of a court order." Id.; see also Kleiner v. First Nat. Bank of Atlanta, supra, 751 F.2d at 1209.

However, the court's inherent authority is to be exercised with restraint and discretion. Chambers v. NASCO, Inc., supra, 501 U.S. at 44. Moreover, it may be employed only where the party acted in bad faith. Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002).[2]

### III.

During the hearing on this matter, plaintiffs' counsel Christopher Roberts represented, on Smith's behalf, that Smith does not dispute providing Feczer's deposition to Dasse. Dasse used quotations from the Feczer transcript in public filings in Arizona state court to prosecute his case against the defendant.

---

[2]. Sanctions for failure to comply with discovery orders are generally awarded under Rule 37(b)(2), Fed. R. Civ. P. However, the Eleventh Circuit ruled in Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1323 (11th Cir. 2001), that violations of protective orders do not fall within the purview of Rule 37(b)(2). Two other bases for awarding sanctions are the court's inherent power or a finding that the individual is in contempt of court. See id. Although magistrate judges have authority to enter sanctions for violations of Rule 37(b), Marritt v. International Brotherhood of Boilermakers, 649 F.2d 1013, 1016-18 (5th Cir. 1981), the proper procedure for handling sanctions under the court's inherent authority is by report and recommendation to the district judge. See, e.g., Martin v. Automobili Lamborghini Exclusive, Inc., supra.

The pertinent pages of the Feczer deposition were labeled confidential and were not previously available to the public. This is precisely the type of conduct that the protective order was intended to prohibit. Smith makes several arguments why this conduct is not sanctionable. None of them is persuasive.

A. Smith argues that his conduct was permissible because the protective order was implicitly abrogated by Judge Whittemore's subsequent rulings. Of course, it is patently unreasonable for plaintiffs' counsel to decide for himself without asking the court whether the protective order was abrogated. That unilateral determination, in itself, is evidence of bad faith.

In any event, this argument is baseless. Before the time Smith gave Dasse the Feczer deposition, Judge Whittemore had only modified the protective order to preclude the defendant from sealing evidence presented during a hearing or a trial.[3] Thus, Judge Whittemore ordered on March 7, 2003, that (Doc. 179):

> Henceforth, no document, pleading or exhibit filed with the Court or submitted as evidence during any hearing or during trial may be sealed. To this extent only, this Court sua sponte VACATES paragraphs 10, 11 and 12 of this Court's May 2, 2002 Protective Order of Confidentiality (Dkt. 41).

---

[3] Other rulings by Judge Whittemore regarding the protective order occurred in January 2004, after Smith gave Dasse the Feczer deposition transcript. They similarly preclude the sealing of evidence presented during a hearing or a trial absent a court order.

6

This gives no indication that the protective order has been abrogated. To the contrary, Judge Whittemore's order made clear that only three paragraphs of the protective order were affected.

Furthermore, during a hearing approximately three weeks *after* this order, I conducted a hearing, attended by Smith, which confirmed that the protective order remained in effect notwithstanding these modifications (Docs. 200, 201). Thus, on March 25, 2003, I held a hearing on a motion by the plaintiffs to dissolve the protective order (see Doc. 200). That motion was denied (Doc. 201). Notably, I mentioned during the hearing that, upon a proper motion, the plaintiffs may seek to narrow the protective order so that information may be shared (Doc. 200). No such motion was filed. Consequently, the conclusion was inescapable that sharing confidential Cooper discovery that was not part of the public record was still prohibited. Therefore, Smith's argument that the protective order was implicitly abrogated is frivolous.[4]

B. Alternatively, Smith argues that the Feczer deposition had lost its

---

[4]. Similarly unpersuasive is the plaintiffs' argument that Judge Whittemore's order (Doc. 179) "certainly abrogated those portions of the protective order allowing Cooper to unilaterally designate parts of its employees' testimony as confidential" based on the court "sua sponte vacat[ing] paragraphs 10-12 of the protective order" (Doc. 376, pp. 4, 5). This argument is meritless because the order (Doc. 179) vacated those paragraphs only to the extent that evidence presented during a hearing or trial may not be sealed, and did not address the designation of confidential material at all.

confidentiality several months earlier when "Cooper disclosed the transcript to another attorney for use in another case"(Doc. 362, p. 7).  In this connection, the plaintiffs argue that (Doc. 362, pp. 6-7):

> Under the terms of the Order, persons authorized to see the Feczer deposition were counsel of record in this case and no one else.
>
> ....
>
> Cooper intentionally and wilfully violated this Court Order by providing copies of the Feczer deposition to Fulbright & Jaworski in San Antonio, Texas, for use in the case of Castillo v. Cooper, a suit pending in Bexar County, Texas.  Fulbright & Jaworski then furnished the transcripts to at least three other attorneys representing either plaintiffs or intervenors in the Castillo case.
>
> ....
>
> Once Cooper disclosed the transcript to another attorney for use in another case, Cooper waived the confidentiality protection afforded by the protective order which it intentionally breached.

The defendant concedes that it produced Feczer's deposition to these attorneys during the course of the Castillo litigation (Doc. 372, p. 9).  However, the Castillo court *ordered* Cooper to produce the deposition in that case (id.). Furthermore, the deposition was produced under a protective order with no sharing provision (id.).  Therefore, this disclosure was not voluntary and did not

make the deposition publicly available.[5]

In any event, it was the role of the court, not plaintiffs' counsel, to determine the consequences of the defendant's actions in this regard (see Doc. 41, ¶5). Thus, this circumstance did not give plaintiffs' counsel freedom to violate the protective order with impunity.

Most significantly, the plaintiffs asserted virtually the same argument previously in this case (compare Doc. 123 with Doc. 362, pp. 6-8), and it was rejected (Docs. 200, 201). Thus, in their earlier motion to dissolve the protective order (Doc. 123), the plaintiffs contended that the defendant's disclosure of depositions to attorneys in the Castillo case breached the protective order. Specifically, they argued (id. at pp. 3-4):

> copies of depositions of Cooper employees, designated as confidential by counsel for Cooper in this case, have been furnished to attorneys associated with the law firm of Fulbright & Jaworski L.L.P. in San Antonio, Texas. Fulbright & Jaworski is not counsel of record in this case. Fulbright & Jaworski represents Cooper in connection with a tire product liability case pending in Bexar County, Texas.

---

[5] Furthermore, the plaintiffs' suggestion that the defendant violated the protective order by disclosing the deposition transcript to its own attorneys is ludicrous. Thus, the protective order was not intended to protect Cooper from itself. Rather, it was intended to protect the defendant's confidential information and its disclosure of the deposition to its own attorneys is not inconsistent with maintaining that confidentiality (see Doc. 41, ¶1); Rule 26( c), F. R. Civ. P.

> ....
>
> Fulbright & Jaworski has in turn furnished copies of depositions of Cooper employees, designated as confidential by counsel for Cooper in this case, to Larry Lawrence, an attorney from McAllen, Texas who does not represent Cooper.
>
> ....
>
> There is no question that the unauthorized disclosure to persons not parties to this litigation constitutes a waiver of the confidentiality protections afforded by the order.

As indicated, I denied this motion. Incredibly, Smith now asserts this production as a basis for his purported belief that his disclosure of the Feczer deposition did not violate the protective order (Doc. 362, pp. 6-8). However, my March 2003 Order confirmed that it was not permissible to share confidential deposition transcripts with other plaintiff's counsel based on the defendant's disclosure of transcripts to attorneys in the <u>Castillo</u> case (Docs. 200, 201).[6]

      C.  Finally, the plaintiffs argue that the Feczer deposition lost its confidential status when the defendant submitted it as a trial exhibit in this case

---

[6] Indeed, as I stated previously, the plaintiffs were told during that hearing that, if they desired to share confidential information with other plaintiff's attorneys, they would need to file another motion, which they never did.

(Doc. 362, p. 8).[7] This argument is meritorious, but it does not render Smith's conduct permissible.

Judge Whittemore held that evidence presented at trial or during a hearing may not be sealed from the public absent a court order. During the trial in this case, which commenced on January 20, 2004, Feczer's entire transcript was filed as an exhibit. There was no court order sealing the deposition. Furthermore, according to the plaintiffs, the deposition pages are presently available to the public. In this connection, plaintiffs' counsel asserted that their private investigator was permitted to copy any page of the Feczer deposition by the Clerk's office. Assuming that the pertinent pages of the Feczer deposition are accessible to the public based on its submission as a court exhibit, it has lost its confidential status. While defense counsel expressed surprise at the hearing that the deposition had been filed in the public record, there is no indication in the record that he has subsequently taken any steps to change that circumstance.

Nonetheless, when Smith disclosed the pertinent pages of the Feczer deposition to Dasse they were still subject to the protective order. Thus, the

---

[7] The plaintiff also argued that the Feczer deposition lost its confidentiality when portions of the Feczer deposition were presented in court (Doc. 362, p. 8). However, the deposition pages involved in this motion had not been offered in evidence at that time. The plaintiffs have not presented a cogent argument that disclosure of parts of a document vitiates the confidential status of the entire document.

11

deposition pages did not lose their confidentiality before January 2004, when the entire deposition was filed as a court exhibit. Smith, however, had disclosed the deposition to Dasse at least by November 12, 2003.

In sum, Smith deliberately engaged in precisely the type of conduct the protective order was intended to prevent. Thus, in fulfilling his firm's role as the self-proclaimed clearing house for litigation information on Cooper tires, he disclosed confidential information without court approval.

Furthermore, this was undoubtedly a willful violation of the protective order. The terms of the protective order clearly provided that disputes regarding the confidentiality of documents were to be resolved by the court, not unilaterally by plaintiffs' counsel. Furthermore, Smith's purported justifications for disclosing the deposition appear to be nothing more than post-hoc rationalizations which are not only meritless, but which had been previously rejected by this court. These circumstances plainly establish the bad faith that is necessary for the court to employ its inherent authority to impose sanctions for Smith's misconduct.

As sanctions, the defendant requested in its motion various forms of relief (Doc. 372, p. 13). At the hearing the defendant focused on a finding of misconduct and an award of attorneys' fees and expenses; it did not press the

other relief that had been mentioned.  Moreover, in light of the public disclosure of the deposition, the additional requested relief would either be moot or unjustified.

This document should suffice to satisfy the defendant's request for a "strongly worded" finding of misconduct.  Further, the defendant is certainly entitled to recover the attorneys' fees and expenses it has expended in its efforts to enforce the protective order.  Such an award should include not only the fees and expenses that were incurred in filing this motion, but also those reasonably expended on actions directly related to the particular disclosure that is the subject of this motion.  This relief would be appropriate and measured.

IV.

For these reasons, I recommend that the court use its inherent authority to sanction Hugh Smith for his bad faith violation of the protective order.  Accordingly, I recommend that Smith be ordered to pay the defendant's attorneys' fees and expenses incurred in responding to the disclosure that is the subject of this motion.[8]

---

[8] It is appropriate to note that there is a separate motion for sanctions (Doc. 371) that is awaiting factual development concerning an allegation that Smith has misrepresented his actions with respect to a different disclosure.  That matter played no role in the recommendation here.

Respectfully submitted,

*[signature: Thomas G. Wilson]*

DATED: JULY 27, 2004.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).