**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT LEE MCDONALD, SR., et al.,**

**Plaintiffs,**

**vs.** **Case No. 8:01-CV-1306-T-27TGW**

**COOPER TIRE & RUBBER COMPANY,**

**Defendant.**
______________________________/

**ORDER**

**BEFORE THE COURT** is a Report and Recommendation submitted by the Magistrate Judge (Dkt. 392) recommending that Defendant, Cooper Tire & Rubber Company's re-filed Motion for Sanctions against Plaintiff's counsel, Hugh Smith (Dkt. 372) be granted. The Magistrate Judge recommends that the District Court use its inherent authority to sanction Smith for his bad faith violation of a protective order by ordering that he pay Defendant's attorneys' fees and expenses incurred in responding to the inappropriate disclosure that is the subject of the motion.

In the Report and Recommendation, the Magistrate Judge finds that Plaintiff's counsel willfully violated the protective order by providing a transcript of the deposition of Defendant's chief chemist, Ritz Feczer, to attorney Thomas Dasse, who represented a plaintiff in unrelated litigation against Cooper in Arizona. The Magistrate Judge was unpersuaded by Plaintiff's counsel's arguments that a subsequent district court order had abrogated the protective order and that Cooper itself had violated the protective order by disseminating copies of Feczer's deposition to counsel representing Cooper in an unrelated hearing, thereby waiving the protections of the protective order.

The Magistrate Judge found and concluded that:

> "Nonetheless, when Smith disclosed the pertinent pages of the Feczer deposition to Dasse they were still subject to the protective order"
>
> "In sum, Smith deliberately engaged in precisely the type of conduct the protective order was intended to prevent."
>
> "Furthermore, this is undoubtedly a willful violation of the protective order."
>
> "Furthermore, Smith's purported justifications for disclosing the deposition appear to be nothing more than post-hoc rationalizations which are not only meritless, but which had been previously rejected by this court."
>
> "These circumstances plainly establish the bad faith that is necessary for the court to employ its inherent authority to impose sanctions for Smith's misconduct.

The undisputed material facts are that on May 2, 2002, a protective order of confidentiality was entered, establishing a procedure for designation of confidential material, resolving designations through objections and judicial review, restricting access to confidential material to authorized persons, use of confidential material, inadvertent disclosure and return of confidential material. (Dkt. 41). With respect to depositions, the protective order expressly provides a procedure for designating confidential material. (Dkt. 41, ¶ 11).

In November 2003, Smith furnished excerpts of Feczer's deposition, which had been designated as confidential material by Cooper, to attorney Dasse.[1] [2] In a court filing in a case pending in the Superior Court of Arizona, Dasse quoted from certain pages of Feczer's depositions

---

[1] Feczer's deposition was taken on January 21, 2003. Cooper designated portions of her testimony as confidential in accordance with the protective order, including the excerpts Smith furnished to Dasse.

[2] Dasse serves as co-chair of the Attorney's Information Exchange Group (AIEG), in which Smith is an active member. (Dkt. 325, Exh. E).

which had been designated confidential, specifically, pages 35-36, 72, and 82-84. (Dkt. 325, Exh. F). In another case pending in the Superior Court of Arizona, Dasse filed a responsive pleading, again quoting from those confidential pages of Feczer's deposition.

At the time Smith furnished the confidential portions of Feczer's deposition to attorney Dasse, Feczer's deposition was subject to this Court's protective order of confidentiality. (Dkt. 41). Indeed, on February 7, 2003, Smith filed a motion to dissolve the protective order, in which he argued that Cooper had violated the terms of the protective order by disclosing it to Cooper's counsel in other proceedings, Fulbright & Jaworski. After a hearing, the Magistrate Judge denied the motion to dissolve the protective order. (Dkts. 200, 201). Notwithstanding this ruling, some eight to nine months later, Smith gave designated confidential portions of Feczer's to attorney Dasse.[3]

Clearly, given the Magistrate Judge's rejection of Plaintiffs' request for authority to share discovery with other attorneys and the existence of the protective order at the time Smith furnished the deposition exerpts to Dasse, Smith could not have and cannot now justify the dissemination of portions of Feczer's deposition to outside counsel. This Court agrees with the Magistrate Judge that "Smith's purported justifications for disclosing the deposition appear to be nothing more than post-hoc rationalizations."

As to Smith's argument that he was justified in disclosing what was otherwise confidential deposition testimony because Cooper had disclosed it to its other attorneys, this Court agrees with the Magistrate Judge that this argument is disingenuous. Even assuming, for the sake of argument,

---

[3] Preliminary to entry of the May 2, 2002 protective order of confidentiality, Plaintiffs filed a motion for the entry of a limited protective order, seeking court authority "to share documents and information discovered with other lawyers representing individuals who have been injured by the same or similar products and the mechanism of invoking trade secrets protection." (Dkt. 31). Plaintiff's motion was denied by the Magistrate Judge. (Dkt. 38, 39). The protective order ultimately entered contained no such sharing authority. (Dkt. 41).

that Cooper's dissemination of the deposition testimony to Cooper's attorneys in unrelated litigation, who then either gratuitously or pursuant to court order disclosed that deposition testimony to opposing counsel, and that this disclosure would support a theory of waiver, this Court agrees with the Magistrate Judge that "it was the role of the court, not Plaintiffs' counsel, to determine the consequences of the Defendant's actions in this regard." Simply put, it was incumbent upon counsel to bring to the attention of the Court Cooper's dissemination of the otherwise protected information and seek relief from the protective order of confidentiality.[4]

Before the Magistrate Judge, Smith argued that the district court's order of March 7, 2003 implicitly abrogated the protective order of confidentiality. (Dkt. 179). The Magistrate Judge found that Smith's unilateral determination in this regard was, "in itself", evidence of bad faith. While Smith does not urge this "implicit abrogation" theory to the district court and indeed, acknowledges that the district court's order did not abrogate the protective order, that is nonetheless another example of post-hoc rationalization for conduct contrary to the express protections of the protective order.

In sum, Smith disclosed confidential deposition testimony to an outside party, contrary to the express prohibitions of this Court's protective order of confidentiality. Just eight months before, he unsuccessfully sought to have the protective order dissolved. To the extent it could be argued that Cooper in some way waived the protections of the protective order by disclosing Feczer's deposition to Cooper's counsel in unrelated litigation and thereafter to opposing counsel, the protective order contemplated judicial resolution of any dispute in that regard. By unilaterally determining that Cooper had waived the provisions of the protective order, ignoring the judicial process for resolution

---

[4] Indeed, as the Magistrate Judge points out, during the hearing on Plaintiff's motion to dissolve the protective order, Plaintiff's counsel was invited to file a motion if he desired to share confidential information with attorneys representing other plaintiffs. (Dkt. 392, p. 10, n. 6).

of any such dispute and failing to seek authority to share information in light of an earlier court order expressly denying that authority, it is apparent that the Magistrate Judge's findings that Smith willfully violated the terms of the protective order and conducted himself in bad faith is supported by the record and is not clearly erroneous.[5]

Regrettably, this Court agrees with the Magistrate Judge that "these circumstances plainly establish the bad faith that is necessary for the court to employ its inherent authority to impose sanctions for Smith's misconduct." Attorney Smith has long been known to the Court as a competent, professional attorney who conducts himself with civility and professionalism. It is apparent to the undersigned, having presided over the trial of this cause, that Smith, perhaps with his wisdom and objectivity obscured by his day to day battles with Cooper, did what in hindsight he regrets having done. No amount of rationalization or explanation can mitigate his misconduct, however. Sanctions must be imposed to protect the due administration of justice.

The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1)(C). After a *de novo* review of the record in this matter, including a review of a transcript of the hearing conducted by the Magistrate Judge on July 9, 2004. Defendant's Motion for Sanctions (Dkt. 372), Plaintiff's Response to the Motion for Sanctions (Dkt. 376), Plaintiff's Objections to the Report and Recommendation (Dkt. 411), Defendant's Response to Plaintiff's Objections to the Report and Recommendation (Dkt. 410 and 415), and Plaintiff's Affidavit in Support of Objections to the Report and Recommendation (Dkt. 412), the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation. The Magistrate's findings of fact are supported by the record and are not clearly

[5] That the Feczer deposition was subsequently filed of record during the trial of this case does not mitigate this finding. At the time of Smith's disclosure to attorney Dasse, the protective order of confidentiality prohibited that disclosure.

erroneous. Upon consideration, the Report and Recommendation is adopted in all respects. Plaintiffs' objections are overruled.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2. Defendant, Cooper Tire & Rubber Company's re-filed Motion for Sanctions against Plaintiffs' counsel, Hugh Smith (Dkt. 372) is **GRANTED**. Within fifteen days from the date of this Order, Defendant shall file a statement of its attorneys' fees and expenses relating only to its efforts to enforce the Protective Order of Confidentiality, with supporting affidavits, including a description of the services performed, the time expended, and the reasonable hourly rate requested.

**DONE AND ORDERED** in chambers this 27th day of October, 2005.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record