**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT LEE MCDONALD, SR., et al.,**

**Plaintiff(s),**

**vs.** **Case No. 8:01-CV-1306-T-27TGW**

**COOPER TIRE & RUBBER COMPANY,**

**Defendant(s).**
_______________________________________/

**ORDER**

**BEFORE THE COURT** are Defendant's Statements of Attorneys' Fees and Expenses Relating to Efforts to Enforce Protective Order, Including Supporting Affidavits (Dkt. 449) and Plaintiff's Response in Opposition (Dkt. 451).

***Procedural Background***

On May 2, 2002, a protective order of confidentiality was entered in this case, establishing procedures for designation of confidential material, resolving designations through objections and judicial review, restricting access to confidential material to authorized persons, use of confidential material, inadvertent disclosure and return of confidential material. (Dkt. 41). With respect to depositions, the protective order expressly provides a procedure for designating confidential material and prohibits disclosure of confidential material or information to unauthorized persons. (Dkt. 41, ¶¶ 6 and 11).

In November, 2003, Plaintiff's counsel furnished excerpts of a deposition that had been designated as confidential to an attorney in Arizona.[1] At the time Plaintiff's counsel furnished the

[1] The relevant deposition was taken on January 21, 2003. Defendant designated portions of the testimony as confidential pursuant to the protective order. Plaintiff's counsel furnished the confidential excerpts to an attorney in Arizona, and that attorney quoted the confidential excerpts in court filings. (Dkt. 325, Ex. F).

confidential portions of the deposition to the Arizona attorney, the deposition was subject to this Court's protective order of confidentiality. (Dkt. 41).

On January 16, 2004, Defendant filed a motion for sanctions based on Plaintiff's counsel's disclosure of the confidential deposition and resulting violation of the protective order. (Dkt. 325). Because the motion was terminated after judgment was entered following trial, Defendant re-filed the motion on May 19, 2004 (Dkt. 372). The motion was referred to Magistrate Wilson for Report and Recommendation. (Dkt. 375). Magistrate Wilson conducted a hearing on the motion on July 9, 2004 and issued a Report and Recommendation on July 27, 2004. (Dkts. 385 and 392). On October 27, 2005, this Court adopted the Report and Recommendation, granted Defendant's motion for sanctions based on Plaintiff's counsel's bad faith violation of the protective order. Sanctions have been awarded against Plaintiff's counsel, consisting of Defendant's "attorneys' fees and expenses relating only to its efforts to enforce the Protective Order of Confidentiality." (Dkt. 447). Defendant has filed Statements of Attorneys' Fees and Expenses, seeking a total of $41,575.50 in attorneys' fees and expenses. (Dkt. 449). Plaintiff's counsel has responded in opposition, challenging the amount of fees requested by Defendant and including an affidavit of a disinterested attorney as to the amount of fees which would be reasonable.(Dkt. 451, Exh. 12).

Defendant seeks attorneys' fees in the amount of $16,446.50 for Douglas Horelick and $967.50 for Frederick J. Fein, both of whom are counsel of record in this case. Defendant also seeks attorneys' fees for three of its attorneys who oversee discovery matters in various Cooper Tire lawsuits across the country, including $2,194.50 for Steve Jansma, $1,173.00 for Troy Vancil, and $924.50 for Melanie Eyre. Finally, Defendant seeks $19,869.50 in fees incurred by attorneys at a firm in Arizona who were involved in the case related to Plaintiff's counsel's violation of the protective order.

***Discussion***

"Courts have inherent authority to control the proceedings before them, which includes the authority to impose reasonable and appropriate sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (*internal quotations omitted*); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 44- 46 (1991). This inherent authority includes the discretion to assess attorney's fees as a sanction for bad faith conduct or wilful disobedience of a court order. *Chambers*, 501 U.S. at 45-46. "Because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45 (*internal citations omitted*). A court acts within its discretion by fashioning a sanction as "a direct response to the harm" that the sanctionable conduct causes.[2] *Barnes v. Dalton*, 158 F.3d 1212, 1215 (11th Cir. 1998). Assessment of attorneys' fees is an appropriate sanction, for example, for willful disobedience of a court order. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258 (1975).

In this case, the sanction imposed against Hugh N. Smith, Plaintiff's counsel, is limited to "Defendant's attorneys' fees and expenses relating only to its efforts to enforce the Protective Order of Confidentiality." (Dkt. 447). This sanction is reasonable and appropriate in light of the conduct of Plaintiff's counsel. Defendant would not have incurred those fees but for the bad faith violation of the protective order and defense counsel's need to enforce it. In determining the reasonableness of the attorney's fees to be awarded, the Court may employ its own expertise and judgment to make an independent assessment of the value of an attorney's services. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303-04 (11th Cir. 1988).

---

[2] The Court must consider the financial circumstances of the party or attorney being sanctioned, including his ability to pay the potential sanction award. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002). This issue has not been raised by Plaintiff's counsel, and his ability to pay the sanction is not in dispute.

The Court finds that Defendant's attorney's fees should be limited to work performed by counsel of record in this case, those attorneys who are directly responsible for enforcing the confidentiality order before the court. Of the fees claimed, time which is duplicative, excessive, and spent on internal communication/reporting will not be awarded since that time does not constitute "efforts to enforce the protective order." Accordingly, Defendant may recover sanctions based on Horelick's fees in the amount of $13,579.00 (73.4 hours at $185.00 per hour) and Fein's fees in the amount of $112.50 (0.5 hours at $225.00 per hour). These attorney's fees are a reasonable and appropriate sanction for Plaintiff's violation of the protective order.[3] A hearing on the sanctions award is not necessary.[4]

Accordingly, it is **ORDERED AND ADJUDGED:**

1) Defendant is awarded $13,691.50 in sanctions against Hugh N. Smith. Mr. Smith shall pay Defendant $13,691.50 within thirty (30) days of the date of this Order. Plaintiff counsel

---

[3] Plaintiff's counsel argues that the Court must employ a Lodestar approach to the award of attorney's fees as sanctions. As the Eleventh Circuit has not required a Lodestar analysis when an award of attorney's fees is ordered as a sanction, this Court has based its award of attorney's fees on a reasonableness standard and its own discretion and expertise. However, even if a Lodestar approach was required, Defendant would be entitled to recover at least as much of its attorney's fees as this Court has allowed. The recoverable hours spent by Attorneys Horelick and Fein were reasonable and both requested a reasonable hourly rate. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000); *Norman*, 836 F.2d at 1301.

[4] Contrary to Plaintiff's counsel's suggestion, an evidentiary hearing is not required. *See Mercer v. Mitchell*, 908 F.2d 763, 769 n.11 (11th Cir. 1990) (due process does not require that an evidentiary hearing be held prior to imposition of sanctions); *Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987). When sanctions are at issue, "[a] request for attorney's fees should not result in a second major litigation." *Donaldson v. Clark*, 819 F.2d at 1560 n.12 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Like other sanctions, attorneys' fees should not be imposed without fair notice and an opportunity to be heard. *Roadway Express v. Piper*, 447 U.S. 752, 768 (1980). Here, due process has been satisfied by virtue of the evidentiary hearing before the Magistrate judge on the motion for sanctions and the opportunity for the parties to object and present argument to this court as to the propriety and type of sanction to be awarded. A separate hearing on the amount of attorneys' fees to be awarded is not required where, as here, the parties have been afforded the opportunity to argue the propriety of imposing sanctions, to submit affidavits, and Smith has had the opportunity to challenge the affidavits, which he has done(Dkt. 451). *See Pesaplastic v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1522 (11th Cir. (1986).

shall file a notice with the Court when payment is made. The court reserves jurisdiction to enforce this order.

2) All pending motions are **DENIED** as moot.

3) The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 9th day of December, 2005.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record